E. H. S. HILL *v.* W. P. CANNON, ET AL.

[Abstract Kentucky Law Reporter, Vol. 6—591.]

**Jurisdiction to Set Aside Fraudulent Conveyance.**

A suit to set aside a conveyance as fraudulent will fail where the plaintiff creditor has failed to obtain a judgment at law and execution thereon with return of "No property," unless there is a failure to object in the court below, by demurrer or othewise to the court's jurisdiction.

APPEAL FROM TODD CIRCUIT COURT.

February 24, 1885.

OPINION BY JUDGE HINES:

This is a proceeding to set aside a conveyance alleged to be fraudulent without first having obtained judgment at law and execution with return of "no property." This we have repeatedly held can not be done unless there is a failure to object in the court below, by demurrer or otherwise to the exercise of jurisdiction. The court heard the case upon the pleadings, exhibits and proof, and dismissed the petition, and from the assignment of errors, presumably because the steps indicated to exhaust the legal remedy had not been taken. There was no demurrer to the petition, but the answer, after denying fraud, alleges as follows: "Further, answering this defendant says, that if plaintiff has a just claim against her husband, as he claims to have, still she denies that he has any right in this action to attack her title and have it declared void." Where there has been no demurrer or objection in any other way to the jurisdiction we have held that it is too late to raise the question for the first time in this court. That is upon the supposition that the party has willingly submitted to and acquiesced in the exercise of jurisdiction, and having done so he will not be permitted to speculate upon the result in the court below and for the first time here object in the event the adjudication below is unfavorable. *Barton v. Barton,* 80 Kentucky 212.

The manner of objection whether by demurrer or by answer appears to us to be immaterial. It is only necessary that the objection

should be of such a character as to notify the lower court that jurisdiction was not conceded. If it is by acquiescence conceded such conduct amounts practically to invoking a jurisdiction and to question it afterward would operate, if allowed, to the perpetration of fraud upon the court and an irresponsible speculation as to its findings. In this case the answer seems to sufficiently import that jurisdiction was not conceded. For this reason the judgment of the court dismissing the petition is correct. Notwithstanding this conclusion we have carefully examined the whole record and are of the opinion that a judgment dismissing the case on its merits should be sustained, but as we base our opinion upon the first point it is unnecessary to consider the evidence in detail as to the matter of fraud.

Judgment *affirmed.*

*A. Duvall, B. T. Perkins, for appellant.*

*H. G Petree, for appellees.*